# EXHIBIT 1

```
UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

ALAN G. FRIEDBERG,                                             Chapter 7
                                                               Case No. 08-35875 (CGM)
                                  Debtor.
-----------------------------------------------------------x

OBAYASHI CORPORATION,
a Japanese Corporation;
PECK/JONES-OBAYASHI, a joint venture,           Adv. Pro. No. 08-09064 (CGM)

                                  Plaintiffs,
vs.

ALAN G. FRIEDBERG,

                                  Defendant.
-----------------------------------------------------------x
```

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, Plaintiffs Obayashi Corporation and Peck/Jones-Obayashi ("Plaintiff" or "Plaintiffs") hereby serves upon Defendant Alan G. Friedberg ("Defendant") the following Interrogatories, which must be answered within the time required by the Federal Rules of Bankruptcy Procedure and any applicable local rules.

## DEFINITIONS

(1) The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request of any document that might be outside their scope.

(2) "Answer" is the Answer filed by the defendant in the instant adversary proceeding.

(3) "Complaint" is the complaint filed by Plaintiff against Defendant to commence the instant adversary proceeding.

(4) "Concerning" means relating to, referring to, evidencing or constituting.

(5) "Debtor" means Alan G. Friedberg, together with his agents, officers and representatives.

(6) "Document" or "document" means all writings, drawings, graphs, charts, notes, photographs, letters, and other data compilations, whether in final form or draft form or otherwise, from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, including, without limitation, e-mails and electronic or computerized data compilations.

(7) As used herein, the term "Identify" means, when used in reference to a document, to set forth:

    A. The document's date and approximate date of preparation;

    B. The document's title, if any;

    C. The type of document (e.g., letter, memorandum);

    D. The substance of the document including, but not limited to, its subject matter;

    E. The present and/or last known location of the document and any copies of it; and

    F. The identity of each person who was the document's author, signatory and/or recipient.

(8) "Joint Venture" means the Peck/Jones-Obayashi Joint Venture.

(9) "Obayashi" means Plaintiff Obayashi Corporation, together with each its agents, officer and representatives.

(10) "You" or "your" is defined to include Plaintiff in these jointly administered bankruptcy cases, and any of their agents, employees, representatives, attorneys, experts, investigators, insurers, or anyone acting on behalf of the foregoing.

LJS/D278051v/F055492

## INSTRUCTIONS

(1) **Supplemental Answers.** These discovery requests shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial.

(2) The Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated by reference herein.

(3) Unless otherwise stated, these Interrogatories cover the time period between January 1, 2000 and the present.

(4) These Interrogatories shall be deemed continuing to the extent permitted by Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1. Identify and set forth each capital investment or capital contribution made by the Debtor in or to Peck/Jones at any time.

2. For each capital investment or capital contribution identified in response to Interrogatory No. 1 above, set forth (a) the date, and (b) the amount of the investment or contribution.

3. Identify each Document evidencing or otherwise concerning each capital investment or capital contribution identified in response to Interrogatory No. 1 above.

4. Identify and set forth each loan made by the Debtor to Peck/Jones at any time.

5. For each loan identified above in response to Interrogatory No. 4 above, set forth: (a) the date of the loan; (b) the amount of the loan; (c) the interest rate of the loan; (d) the repayment term of the loan; and (e) identify each person who at any time had any involvement in any aspect of the negotiation of the loan transaction, or loan repayment on any demand or response to any demand for loan repayment.

LJS/D278051v/F055492

6. Identify each Document evidencing or otherwise concerning each loan identified in response to Interrogatory No. 4 above.

7. State each fact that supports the Debtor's First Defense asserted in the Answer.

8. State each fact that supports the Debtor's Second Defense asserted in the Answer.

9. State each fact that supports the Debtor's Third Defense asserted in the Answer.

10. State each fact that supports the Debtor's Fourth Defense asserted in the Answer.

11. State each fact that supports the Debtor's Fifth Defense asserted in the Answer.

12. Set forth with particularity the reason(s) why Plaintiff cannot have justifiably relied upon any representations by defendant as alleged in paragraph 12 of the Answer.

13. Set forth with particularity the reason(s) why Defendant was under no duty to the Plaintiffs as alleged in paragraph 14 of the Answer.

14. Set forth with particularity the reason(s) why Defendant believes that the UBS bank resolutions referenced in Plaintiffs' complaint were forged, non-authentic or otherwise invalid.

Dated: Jericho, New York
February 5, 2009

SILVERMANACAMPORA LLP
Attorneys for Plaintiffs

By: _____
Lon J. Seidman

100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

LJS/D278051v/F055492