# EXHIBIT 2

Michael D. Pinsky, P.C.
Attorney for Alan G. Friedberg
211 Main Street, P.O. Box 148
Goshen, New York 10924-0148
Tel. (845) 294-5123
Mike Pinsky, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

ALAN G. FRIEDBERG,

                Debtor.
-----------------------------------------------------------x
OBAYASHI CORPORATION,
a Japanese Corporation;
PECK/JONES-OBAYASHI, a joint
Venture,

                Plaintiffs,
vs.

ALAN G. FRIEDBERG,

                Defendant.
-----------------------------------------------------------x

Chapter 7

Case No. 08-35875 (cgm)

Adversary Proceeding
No. 08-9064 (cgm)

## ANSWERS & OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Alan G. Friedberg now submits the following objections to the plaintiffs' first interrogatories as follows:

### GENERAL OBJECTIONS

1.    Defendant object to the interrogatories to the extent that they are call for information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege.

2. Defendant objects to the interrogatories to the extent that they contravene the Federal Rules of Civil Procedure or the Local Civil Rules of the U.S. District Court for the Southern District of New York, including without limitation Local Civil Rule 33.3, which provides as follows:

**Local Civil Rule 33.3. Interrogatories (Southern District Only)**

(a) Unless otherwise ordered by the court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

(b) During discovery, interrogatories other than those seeking information described in
paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court.

(c) At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the court has ordered otherwise.

3. Defendant has conducted a reasonable investigation and search for information responsive to the interrogatories. Defendant's investigation of this matter is continuing, and he reserves the right to supplement these answers as additional information becomes available.

4. Defendant objects to the interrogatories to the extent that they seek identification of documents that have been produced by Defendant.

5. Defendant incorporates by this reference all of the forgoing objections into the following interrogatory answers.

1. Objection. This interrogatory contravenes Local Civil Rule 33.3.

2. Objection. This interrogatory contravenes Local Civil Rule 33.3.

3. None.

4. Objection. This interrogatory contravenes Local Civil Rule 33.3.

5. Objection. Subsections (a) through (d) of this interrogatory contravene Local Civil Rule 33.3. As to Interrogatory 5(e), persons with knowledge of certain loan transactions include Alan Friedberg, Sheryl Smul, Guillermo Montero, Gary Melnik.

6. Documents related to loans made to Peck/Jones include the following:

| Date | Amount | From | To |
| --- | --- | --- | --- |
| 2/22/2002 | 200,000 | Wire transfer-Alan Friedberg | Peck Jones |
| 4/26/2004 | 1,250,000 | 926 Development/Alpine Checking | Peck Jones |
| 5/18/2004 | 961,000 | Transfer/Check Alan Friedberg-Wells Fargo | Peck Jones |
| 5/26/2004 | 2,500 | Transfer/check Alan Friedberg-Wells Fargo | Peck Jones |
| 6/29/2004 | 560,000 | Transfer/check/EFT: 926 Development/Alpine Checking | Peck Jones |
| 6/30/2004 | 40,000 | Interstate Interior Services, Inc. check 115 | Peck Jones |
| 7/1/2004 | 50,000 | Transfer/check/EFT-1149: 926 Development/Alpine Checking | Peck Jones |
| 7/9/2004 | 300,000 | Transfer/check/EFT: 926 Development/Alpine Checking | Peck Jones |
| 7/12/2004 | 700,000 | Wire transfer: Leonard Bloom Escrow Account | Peck Jones/OC America account |
| 10/13/2004 | 175,000 | Transfer/check: Alan Friedberg/Alpine Bank | Peck Jones |
| 10/28/2004 | 200,000 | EFT: 926 | Peck Jones |

| Date | Amount | Check | Payee |
|---|---|---|---|
| 1/31/2005 | 1,000 | Check 249: 926 Development/Alpine Checking | Peck Jones |
| 3/1/2005 | 1,000 | Check 310: 926 Development/Alpine checking | Peck Jones |
| 3/31/2005 | 1,000 | Check 389: 926 Development/Alpine checking | Peck Jones |
| 4/26/2005 | 1,500 | Check 439: 926 Development/Alpine checking | Peck Jones |
| 5/31/2005 | 1,500 | Check 492: 926 Development/Alpine checking | Peck Jones |
| 6/27/2005 | 1,500 | Check 561: 926 Development/Alpine checking | Peck Jones |
| 8/2/2005 | 1,500 | Check 613: 926 Development/Alpine checking | Peck Jones |
| 9/3/2005 | 1,500 | Check 691: 926 Development/Alpine checking | Peck Jones |
| 9/29/2005 | 1,500 | Check 738: 926 Development/Alpine checking | Peck Jones |

7. Objection. This interrogatory contravenes Local Civil Rule 33.3.

8. Objection. This interrogatory contravenes Local Civil Rule 33.3.

9. Objection. This interrogatory contravenes Local Civil Rule 33.3.

10. Objection. This interrogatory contravenes Local Civil Rule 33.3.

11. Objection. This interrogatory contravenes Local Civil Rule 33.3.

12. Objection. This interrogatory contravenes Local Civil Rule 33.3.

13. Objection. This interrogatory contravenes Local Civil Rule 33.3.

# VERIFICATION

STATE OF NEW YORK    }
                     } ss.
COUNTY OF ORANGE     }

    The undersigned, being duly sworn, deposes and says: I am the Defendant in this adversary proceeding, and that the foregoing Answers to Interrogatories are true to my own knowledge, except as to matters therein stated upon information and belief, and as to those matters, I believe them to be true.

                    By:    /s/ Alan G. Friedberg

Sworn to before me on this
4th day of April, 2009

/s/ Mike Pinsky
NOTARY PUBLIC

MICHAEL D. PINSKY
Notary Public, State of New York
No. 02P15057107
Qualified in Orange County
Commission Expires 4/28/2010